[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 110
Honorable Thomas M. Keyes State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Keyes:
This opinion is in answer to your following question:
 "Are the Collectors or Ex Officio Collectors of third and fourth class counties permitted to invest their collections of taxes, licenses, and all other dues in savings accounts, time deposits, or any other kind of an account or certificate on which income is earned. If so, to whom should the income be paid?"
Statutes which are applicable to your question are as follows:
Section 52.020.2, RSMo 1969:
 "In all third and fourth class counties the county court may require the county collector to deposit daily all collections of money in the depositaries selected by the county court in accordance with the provisions of sections 110.130 to 110.150, RSMo, to the credit of a fund to be known as `County Collector's Fund'. The depositaries are bound to account for the moneys in the county collector's fund in the same manner as the public funds of every kind and description going into the hands of the county treasurer and shall provide security for the deposits in the manner required by section 110.010, RSMo. If daily deposits are required to be made, the county courts may also require that the bond of the county collector shall be in the sum equal to one-fourth of the largest amount collected during any one month of the year immediately preceding his election or appointment, plus ten percent of the amount. No county collector shall be required to make daily deposits for days when his collections do not total at least one hundred dollars." (Emphasis added)
Section 110.130.1, RSMo 1969:
 "1. Subject to the provisions of section 110.030 the county court of each county in this state, at the May term, in each odd-numbered year, shall receive proposals from banking corporations or associations at the county seat of the county which desire to be selected as the depositaries of the funds of the county. For the purpose of letting the funds the county court shall, by order of record, divide the funds into not less than two nor more than twelve equal parts, except that in counties of the the [sic] first class not having a charter form of government, funds shall be divided in not less than two nor more than twenty equal parts, and the bids provided for in sections 110.140 and 110.150 may be for one or more of the parts."
Section 110.150.1, RSMo Supp. 1975:
 "The county court, at noon on the first day of the May term in each odd-numbered year, shall publicly open the bids, and cause each bid to be entered upon the records of the court, and shall select as the depositaries of all the public funds of every kind and description going into the hands of the county treasurer, and also all the public funds of every kind and description going into the hands of the ex officio collector in counties under township organization,
the deposit of which is not otherwise provided for by law, the banking corporations or associations whose bids respectively made for one or more of the parts of the funds shall in the aggregate constitute the largest offer for the payment of interest per annum for the funds; but the court may reject any and all bids." (Emphasis added)
Section 110.150.2, RSMo Supp. 1975:
 "The interest upon each fund shall be computed upon the daily balances with the depositary, and shall be payable to the county treasurer monthly, who shall place the interest on the school funds to the credit of those funds respectively, the interest on all county hospital funds and hospital district funds to the credit of those funds, the interest on county health center funds to the credit of those funds and the interest on all other funds to the credit of the county general fund."
Section 110.170.1, RSMo 1969:
 "As soon as the required security is given and approved, the court shall make an order designating the successful bidders as depositaries of the funds until sixty-five days after the time fixed by sections 110.130 to 110.260
for another selection, and thereupon the county treasurer, and the ex officio collector if the county be under township organization, shall immediately upon the making of the order, transfer to the depositaries the part or parts of all funds respectively let the depositaries under the selection, and immediately upon the receipt of any money thereafter deposit it with the depositaries to the credit of the county. The said treasurer shall, as nearly as may be, maintain with each of the depositaries selected its due and proportionate share of the total of the funds let." (Emphasis added)
Section 52.360, RSMo Supp. 1975:
 "The county collector, in all counties of the first class not having a charter form of government and in all counties of the second class, shall deposit each day in the depositaries selected by the county for the deposit of county funds, all money received by him as county collector during the day previous, and make a daily report thereof to the county auditor, as provided in section 55.190, RSMo. The interest on all money deposited by the county collector shall be computed upon the daily balances of the deposits, and all of the interest shall be paid and turned over to the county treasurer at the time and in the manner that the monthly settlement and payment are made by the collector, and the interest shall go to the general revenue fund of the county." (Emphasis added)
We believe that a careful reading of the above-cited statutes is necessary to answer your opinion request.
In Section 52.020.2 in reference to third and fourth class counties, we are talking only of daily deposits which "may be required" by the county court. Furthermore, this section pertains only to county collectors in third and fourth class counties.
Section 52.360 refers to county collectors in first and second class counties and specifically requires daily deposits in county depositaries. Section 110.150.1 refers only to a county treasurerand an ex officio collector. It is recognized that ex officio collectors only exist under county governments in third and fourth class counties wherein a township organization has been adopted. The county treasurer serves as the ex officio collector. Section54.280, RSMo 1969.
More importantly, however, in Section 110.150 there is no mention of county collectors. It would appear that the maxim of expressio unius est exclusio alterius would apply. In other words, the state legislature by expressly enumerating county treasurers and ex officio collectors has excluded all other county collectors from the provisions of that section. Absent any specific reference to county collectors in Section 110.150, the only reference we find to required statutory deposits of county collectors in third and fourth class counties is Section 52.020.2.
It should be noted that Section 110.170.1 refers again only to county treasurers and ex officio collectors if the county be under a township organization. This section requires that the county treasurer and the ex officio collector make immediate deposits in the depositaries of the counties to the credit thereof of moneys which they receive. It would appear that this section contemplates a daily deposit of money. There appears to be no similar specific requirement upon county collectors in third and fourth class counties except as the county court may require under Section 52.020.2.
If, under Section 52.020.2, the county court has not required the county collector in a third and fourth class county to make daily deposits, then the question becomes what is the obligation of the county collector in those counties to deposit his collections in savings accounts or other interest-bearing time deposit
A similar question was asked and answered in Opinion No. 113, 1970. This opinion, which is attached, refers to a county collector of a third class county exercising his discretion in depositing tax money paid under protest and impounded pursuant to Section 139.031, RSMo 1969. Obviously, all collections are not of this nature. However, it is significant that this office concluded on that occasion that a county collector of a third class county in his discretion may deposit such tax money paid under protest and impounded pursuant to law in interest-bearing time deposit accounts. It was further mentioned in that opinion that interest earned on such deposit of taxes paid under protest shall be paid to the person who is found to be entitled to the impounded money.
It is further significant to note that county collectors in third and fourth class counties are legal custodians of the funds which they handle. They are authorized and warranted in depositing such collections in a bank for safekeeping provided such deposits are not in violation or contravention of any statute or ordinance. City of Fulton v. Home Trust Co., 78 S.W.2d 445, 448
(Mo. 1934); Deal v. Bank of Smithville, 52 S.W.2d 201 (K.C.Mo.App. 1932). Enclosed find Opinion No. 32 rendered January 16, 1963, to Charles G. Hyler which holds that until a county collector turns over his collections he is an insurer of such collections.
We have also seen under Opinion No. 164, 1975, copy attached, that counties, cities, and other political subdivisions may invest funds in time deposits including certificates of deposit under Chapter 110, RSMo. In the absence of the applicability of Chapter 110 to county collectors in third and fourth class counties, it would appear that these collectors in their discretion have the authority to deposit their collections in interest-bearing time deposits provided they are able to meet their statutory obligations in making settlements and turning over their collections timely to the county treasurers pursuant to Sections 139.210 and 139.230, RSMo 1969. Thus, any time deposits should be made in such a manner that the collector is not precluded from performing his statutory duty to turn over these funds to the proper party at the appropriate time. Interest from deposits by a county collector in a third and fourth class county wherein the county court has not required daily deposits shall become part of the fund which was the source of such interest. This is consistent with prior opinions of this office particularly Opinion No. 113.
CONCLUSION
It is the opinion of this office that ex officio collectors in third and fourth class counties under township organization are required by Section 110.170, RSMo 1969, to make daily deposits of their collections in the depositary selected by the county courts. Interest from each fund, which fund is on deposit, is payable to the treasurer and credited as set out in Section 110.150.2, RSMo Supp. 1975.
It is the further opinion of this office that county collectors in third and fourth class counties may deposit their collections in interest-bearing time deposit accounts unless the county court has required that the collectors in said counties make daily deposits under Section 52.020.2, RSMo 1969. Interest from deposits by a county collector in a third or fourth class county wherein the county court has not required daily deposits shall become part of the fund which was the source of such interest.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 113 Millan, 6-15-70
 Op. No. 32 Hyler, 1-16-63
 Op. No. 164 Lehr, 7-23-75